3:17-CV-1290

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA


VINCENT TYRONE MILLS JR (Plaintiff)

VS.

UNITED STATES (Defendant)


FEDERAL TORT CLAIM LAWSUIT

FILED
SCRANTON

JUL 20 2017

PER _____
DEPUTY CLERK

I, Vincent Tyrone Mills JR, currently residing at U.S.P. Lewisburg - SMU, P.O. Box 1000, Lewisburg P.A. 17837. The Plaintiff is acting in pro se capacity and request that his claim be construed liberally under Haines V. Kerner, 40 A U.S 519, 520, 92 S.Ct. 594, 30 L.Ed 2d 652 (1972), also Doolittle V. Holmes, Fed. Appx 133 (2009).

## Introduction

2. This is a civil claim being filed in compliance with the federal tort claims Act 28 U.S.C. §2676-19. Before this act was federally created agencys could be sued for it's torts, if congress had given the agency the power to sue and be sued. Under the FTCA, however, the authority of any federal agency to sue or be sued in it's own name shall not be construed to suits against such federal agencys on claims which are recongnizable under 28 U.S.C. §1346.(b), which grants the federal district court jurisdiction over tort claims against the United States.

Under 28 U.S.CA. §2676(a), the statatory authority of a federal agency to be sued does not permit a tort suit directly against the agency if the suit is base on conduct covered under the FTCA. Instead, the United States must be named as the defendant. Moreover, the authority of a federal agency to sue or be sued in it's own name does not constitute a waiver of the governments sovereign immunity separate and a-part from the provision of the FTCA, and unless some other Act provides a waiver of sovereign immunity a federal agency may not be sued in tort, even if the action is base on a tort that is not covered by the FTCA. The effect of 28 U.S.CA. §2679(a) is that tort actions against susble federal agencies are placed on the same footing as action against agencies that do not have the power to sue or be sued

(1)

3. The FTCA was amended in 1988 to provide that the remedy against the United States under the FTCA for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government, while acting within the scope of his/her office or employment, is exclusive of any other civil action. This provision was intended to substitute the United states, as the only permissable defendant in all common-law tort actions against federal employee who were acting in the scope of employment. The amendment also provides that (a) any other civil action or proceeding for money damages arising out of or relating to the same subject matter against employee or the employee's estate is precluded without regard to when the act or omission occurred.

4. Under 28 U.S.C.A. §2679(b)(1), a tort action against a federal employee who was acting within the scope of his/her employment, must proceed exclusively against The United states, under the federal tort claims act, even if this procedure leaves the plaintiff without a remedy. The plaintiff maybe left without any remedy, for example, when the claims is based on acts for which the united states may not be sued under the FTCA, or when the FTCA claim is barred by the statue of limitations.

## Jurisdiction

5. This action is being brought pursuant to the federal tort claims act, under Titles 28 U.S.C. §2671 than 2679

## Facts

6. The plaintiff listed above is currently residing at U.S.P. Lewisburg SMU P.O. BOX 1000, Lewisburg, PA 17837. The plaintiff has filed (i.e exhausted remedy standard form 95 as required under the FTCA.)

(2)

7. The defendant, United States, is being sued directly for negligence, negligence per se, wrongful acts or omission of any employee of the government while acting within the scope of this office or employment can be served at, office of General counsel, federal Bureau of Prisons, 320 First street N.W. Washington, D.C. 20330.

8. On Saturday November 12th, 2016. After the holiday meal was served on Friday November 11th, 2016. I, Vincent Tyrone Mills JR, was rushed to the outside hospital for all the symptom like illness such as a high Fever, cold sweats, shivers, and loss of appetite. After I returned from the outside hospital on Tuesday November 15th, 2016, I started having painful stomach crampings and a BAD dose of watery diarrhea (which has caused me to make constant bowel movements up to 7 to 8 times a day). When I spoke to the PA Nurse Jennifer Sirowski about my symptoms she did nothing but told me to try drinking more water! Several days later (after dozens of inmates started reporting their own symptoms) the medical came to my cell #217 on Monday November 28th, 2016 and took my cellmate Shannon Higgins #51377-007 temperature and it was 99° degrees. Than they told us to pack our things because they were moving us both to another unit for qarntine inmates. There they noticed I had another high fever and high heart rate and rushed me to the medical department to have IV fluids. There at that time I spoke to the nurse Potter about my symptoms and requested for a stool sample but he told me NO!, he was only giving me IV fluids. Than the staff started wearing gloves and face masks stating it's been an salmonella outbreak and that's why the prison was on lockdown, and inmates were being qarntined. Than on November 29th, 2016 (Tuesday) the medical took my cellmate Mr. Higgins temperature again and it was 103°. They told him prepare for IV fluids but they never came back to treat him with the proper medical attention he been requesting. I have suffered these terrible symptoms for many days without receiving the proper medical attention requested to the medical department for a stool sample to test for salmonella. I would like

(3)

to be compensated for the pain, stress, and suffering symptoms with the amount of $125,000.00 enclosed in Section 12G. of my standard form 95 claim No. TRT-NER-2017-01542.

9. On 11-30-2016, a memorandum from the warden was finally passed out, subject being: Gastrointesting Illness.

10. Plaintiff did not recieve memorandum from or by warden while placed in quarantine.

11. On or about 12-02-2016, Health Inspector, was called into the institution.

12. The SMU population remained on quarantine modified status from on or about, 11-25-2016. Thru 12-10-2016.

13. On 12-30-2016, Plaintiff was removed and taken of quarantine status.

14. The plaintiff remained sick from on or about 11-11-2016, tell 11-30-2016 due to salmonella poisoning.

1-14 Paragraphs 1 thru 14 are alleged here as if fully set forth herein

15. Under 18 U.S.C. §§ 40-41, § 4042 (a)(2) the Bureau of Prisons has a mandated duty to provide health and Nutritious meals to all prisoners here at USP Lewisburg.

16. On 11-10-2016, the B.O.P. was in breach of it's mandated duties under the policies and regulations implemented by congress when they served the plaintiff and prisoners not mentioned inadequate, spoiled and otherwise unhealthy food

(4)

17. As a proximate result from their negligence the plaintiff mentioned above and other unmentioned prisoners received salmonella-bacterial poisoning.

18. As a proximate result from this breach in mandated duties the plaintiff prisoner rights were violated.

   a. Plaintiff has the right to expect that staff and/or other personal will treat the plaintiff as a human being in a respectful, impartial and fair manner.

   b. Plaintiff has the right to be informed and know the rules and procedures and/or schedules concerning the operation of this institution.

   c. Plaintiff has the right to health care which includes nutritious meals. FJC. ETC.

19. Paragraph 18 (a), was breached when placed under isolation/quarantine status and was denied adequate medical attention.

20. Paragraph 18 (b) was breached when Warden failed to pass out memorandums providing prisoners with notice that the institution was on quarantine status, and how long that status was going to last.

21. Paragraph 18 (c), was breached when the defendants served inadequate, spoiled and otherwise unhealthy food from an unsanitary kitchen that was contaminated that contamination caused the plaintiff to ingest salmonella bacterial poisoning.

22. As a direct and proximate result of Plaintiff being infected with the Salmonella bacteria due to U.S.P. Lewisburg staff's negligence, the plaintiff suffered severe and extremely painful symptoms that included diarrhea, stomach pains, severe headaches, and fever. Further, the plaintiff was forced to endure the pain associated with the above mentioned symptoms, in which plaintiff suffered by being infected with salmonella bacteria.

23. The actions and omission of U.S.P. Lewisburg staff on 11-10-2016, in preparing and serving food to plaintiff and others in the SMU population in whole, amounts to gross negligence, a failure to adequately train, and the denial of my mandatory rights, as provider under 18 U.S.C. §§ 4042. Further, the intention denial of providing me with necessary medical treatment for my illness, constitute negligence, medical neglect.

24. The United States is responsible under FTCA, for acts described herein based on the wrongful act or omission of federal employees acting within the scope of his/her employment when he/she is doing something to further the duties he/she owes to his/her employer, the conduct is the type that he/she was hire to do.

25. Pursuant to 28 U.S.C. §§ 2675 (b) and 28 C.F.R. §§ 14.2, the undersigned plaintiff is required to request a specific sum, certain for damages (he) sustained, and therefore the mentioned plaintiff has requested specific damages and/or settlement with the agency responsible (Bureau of Prisoners), for salmonella poisoning, staff negligence, and deliberate refusal to treat plaintiff for symptoms.

26. Enclosed is copy of Plaintiff's Health Sheet.

(6)

# Bureau of Prisons
# Health Services
## Clinical Encounter - Administrative Note

| | | | | |
|---|---|---|---|---|
| Inmate Name: | MILLS, VINCENT JR | | Reg #: | 41904-007 |
| Date of Birth: | 05/29/1989 | Sex: M  Race: BLACK | Facility: | LEW |
| Note Date: | 12/05/2016 11:24 | Provider: Miosi, Heather | Unit: | C02 |

Admin Note - Orders encounter performed at Health Services.
**Administrative Notes:**

**ADMINISTRATIVE NOTE 1**   Provider: Miosi, Heather RN/IOP/IDC

Salmonella outbreak confirmed through 42 culture positive specimens. Labs canceled due to treatment of each subsequent symptomatic case as positive.

**Discontinued Laboratory Requests:**

| Details | Frequency | Due Date | Priority |
|---|---|---|---|
| Lab Tests-C-Culture, Stool | One Time | 11/30/2016 00:00 | Routine |

Additional Information:
Routine Enteric Pathogen
Labs requested to be reviewed by:   Edinger, Andrew MD/CD

**Copay Required:** No    **Cosign Required:** Yes
**Telephone/Verbal Order:** No

Completed by Miosi, Heather RN/IOP/IDC on 12/05/2016 11:25
Requested to be cosigned by Shaw, Megan MD.
Cosign documentation will be displayed on the following page.

WE WANT RELIEF IN TORT CLAIM LAWSUIT !

-THANK YOU !

I swear under the penalty of perjury that the foregoing is true and correct to the best of my knowledge under the laws of the United States and under title 28 USC § 1746

sign: *Vincent Tyrone Mills Jr.*

Inmate Name: Vincent T Mills Jr
Register Number: 41904-007
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17837

7-17-17

RECEIVED
JUL 20 2017
PER _____
      /s/ Deputy Clerk

United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Bldg & U.S. Court
235 North Washington Ave
P.O. Box 1148
Scranton, PA 18501-1148